IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID HILL<br>(BOP Register No. 30777-177), | §<br>§<br>§ | |
| Movant, | §<br>§ | |
| V. | §<br>§ | No. 3:18-cv-2127-G-BN |
| UNITED STATES OF AMERICA, | §<br>§<br>§ | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

After his criminal judgment became final, Movant David Hill filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence. And, after the Court denied his first Section 2255 motion, Hill filed a successive Section 2255 motion. He now seeks authorization to file another successive Section 2255 motion, collaterally attacking his criminal judgment. *See* Dkt. Nos. 2, 3 & 4.

This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court transfer Hill's request to file a successive Section 2255 to the United States Court of Appeals for the Fifth Circuit for appropriate action.

### Applicable Background

A jury found Hill guilty of conspiracy to manufacture and possess with the intent to distribute methamphetamine. *See United States v. Hill*, 3:03-cr-159-G (02) (N.D.

Tex.), Dkt. No. 68. He was sentenced to prison for 360 months in 2003. *See id.*

After his criminal judgment was affirmed on direct appeal, *see United States v. Hill*, 623 F. App'x 200 (5th Cir. 2015), Hill filed his first Section 2255 motion, *see Hill v. United States*, 3:07-cv-594-G (N.D. Tex.). The Court denied that motion on its merits. *See Hill v. United States*, 3:07-cv-594-G (N.D. Tex.), Dkt. No. 12.

Hill later filed a successive Section 2255 motion, which the Court transferred to the United States Court of Appeals for the Fifth Circuit. *See Hill v. United States,* 3:13-cv-4456-G-BN (N.D. Tex.), Dkt. No. 7. Hill appealed that transfer, and the Fifth Circuit affirmed this Court's judgment. *See Hill v. United States*, 623 F. App'x 200, 201 (5th Cir. 2015).

Hill now requests permission to file another Section 2255 motion. *See* Dkt. Nos. 2, 3 & 4. He makes clear that he will again attack his criminal judgment, relying this time on a recent decision from the United States Supreme Court to argue that this Court erred in calculating his sentence under the United States Sentencing Guidelines. *See* Dkt. No. 3. He has also filed a request to supplement his motion for authorization to file a successive Section 2255 motion. *See* Dkt. No. 4.

## Legal Standards and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which an individual may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). In order to file a second or successive Section 2255 motion, a movant must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of a United States court of appeals before a motion is filed in the district court. *Id.* §§ 2244(b)(3) & 2255(h); *see, e.g., United States v. Mathis*, 660 F. Supp. 2d 27, 30 (D.D.C. 2009) ("As is readily apparent from this statutory language, the determination of whether a new rule of constitutional law exists must be decided *by the court of appeals* – and not by the district court – before the second or successive § 2255 motion may be filed in the district court.") (emphasis in original).

The appellate certification requirement for a successive Section 2255 motion "acts as a jurisdictional bar to [this] district court's asserting jurisdiction over any successive [motion to vacate] until [the Fifth Circuit] has granted the [movant] permission to file [such a motion]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *accord Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010).

Because the Fifth Circuit, not this Court, is the proper initial gatekeeper for successive Section 2255 motions, Hill's request for authorization to file a successive Section 2255 motion should be transferred there for appropriate action.

## Recommendation

The Court should transfer Hill's request for authorization to file a successive

Section 2255 motion to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 21, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE